President,&c.
of the Susque-
hanna & Bath
Turn. R. Co.
v.
The People.

</div>

Judgment arrested.

---

### THE PRESIDENT AND DIRECTORS OF THE SUSQUEHANNAH AND BATH TURNPIKE ROAD COMPANY *vs.* THE PEOPLE.

A *turnpike road company* is liable to an indictment *at common law* for suffering their road to be out of repair, notwithstanding that by the terms of its charter a specific penalty is provided, if the charter contains no *negative words*, nor any thing from which it can be inferred that the legislature intended to take away the common law remedy.

So when the indictment is at common law, the court before whom the conviction is had may impose a fine of $250, notwithstanding that the *general* act relative to *turnpike corporations* limits the fine to $200 in case of a conviction on an indictment had under that act.

ERROR from the Tompkins general sessions. The turnpike road company were indicted for a nuisance in suffering a part of their road in the county of Tompkins to be out of repair. The indictment alleged that the road was very ruinous, miry, broken, uneven, narrow, contracted, covered with loose stones, and in very great decay, and the bridges and causeways thereon ruinous, decayed and broken down for want of due reparation and amendment. The defendants were found guilty, and a fine was imposed upon them of $250. The company sued out a writ of error. The cause was submitted on written arguments.

*H. S. Walbridge*, for plaintiffs in error.

*A. Dana*, (district attorney of Tompkins,) contra.

NEW-YORK,      *By the Court,* Bronson, J.   Two grounds of error are al-
May, 1836.   leged ; *First,* that the company was not liable to be proceeded
President,&c. against by indictment ; and *Second,* that the court below ex-
of the Susque- ceeded its jurisdiction in the amount of the fine imposed.
hanna & Bath
Turnp. R. Co.     That those who are bound to repair a road may, in general,
v.   be indicted at the common law for suffering it to fall into de-
The People.  cay, is not denied on the part of this corporation ; but they
insist that their charter has provided another remedy for the
evil, and consequently that they are not subject to indictment.
The company was incorporated in 1804, 3 *Laws of N. Y.,* 547
*Webst. ed.*   By the 17th section of the act, the road, for the
purpose of being inspected, is to be divided by the company
into three districts ; to each of which districts the governor is
to appoint a commissioner.   Whenever the commissioner finds
the road out of repair, he is to give notice, and the company is
thereupon to repair under a penalty of ten dollars for every
neglect of forty-eight hours, to be sued for by the commissioner
for the benefit of the overseers of the poor.   He may also order
the gates to be opened under a like penalty.   From every de-
cision of the commissioner the corporation may appeal to the
commissioners of the other inspection districts.   The statute
contains no negative words, nor any thing from which it can
be inferred that the legislature intended to take away the
common law remedy ; and it is too well settled to require
discussion, that where a statute gives a new remedy by affir-
mative words, without a negative expressed or implied, the
mode of redress which the common law has provided is not
taken away.   *Crittenden v. Wilson,* 5 *Cowen* 165.   *Almy v.
Harris,* 5 *Johns. R.* 175.   *Farmers' Turnpike v. Coventry* 10
*id.* 389.   If an individual whose horse had fallen through a
decayed bridge on the road had brought an action on the case
to recover damages against the corporation, no one would
probably have thought of objecting that his common law ac-
tion was taken away by the statute penalty for permitting the
road to be out of repair.   And yet his right to sue might be
denied with as much propriety, as it can be questioned that
the public may have redress in this form.   There is no room
for doubt that the company was liable to be proceeded against
by indictment.

To show that the court below exceeded its authority in the amount of the fine imposed, the plaintiffs in error rely on 1 *R. S.* 587, § 47, which provides for a fine not exceeding two hundred dollars. But the section does not apply to the case before the court. By this statute it is made the duty of an inspector of turnpikes, on discovering that the road is out of repair, or that any gate thereon is placed in a situation contrary to law, to give notice of such defect or default to one or more of the directors of the company, and to require the repair of the road or removal of the gate within a time to be fixed in the notice; and he may also in his discretion order the gates in the mean time to be thrown open. § 45, 46. Then comes the section in question, which provides that if the requisitions of the notice be not obeyed, the inspector shall make complaint to the attorney general or district attorney, whose duty it shall be to prosecute the delinquent company in the name of the people; and such corporation, if convicted of having suffered their road to be out of repair, or having placed one or more of the gates thereon in a situation contrary to law, shall be fined in a sum not exceeding two hundred dollars. If an indictment be the proper mode of prosecuting for this fine, it will prove nothing in relation to the question before the court, for this was not a proceeding under that statute. It does not appear that there was any notice by an inspector requiring the corporation to repair, nor a complaint to the district attorney; and this particular fine is limited to the case specially provided for by the statute.

It may be doubted whether this statute can, under any circumstances, apply to the plaintiffs in error. See § 40, and charter, § 17. But it is unnecessary to consider that question. It is enough that the indictment was neither framed upon, nor is the offence charged to have been committed against the form of this or any other statute.

This being a conviction at the common law, the court might impose such fine as it deemed reasonable, unless the amount has been limited by some other statute than the one already mentioned. Such a limitation will be found in 2 *R. S.* 697, § 40, which provides that "every person who shall be convicted of any misdemeanor, the punishment of which is not

*NEW-YORK,*
*May, 1836.*

President &c. of the Susquehannah&Bath Turnp. R. Co.
v.
The People.

prescribed in this or some other statute, shall be punished by imprisonment in a county jail not exceeding one year, or by fine not exceeding *two hundred and fifty dollars*, or by both such fine and imprisonment." The court below did not exceed its authority in imposing a fine of two hundred and fifty dollars.

Judgment affirmed.